FILED

MAR 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARLENE ZIYA,

               Plaintiff - Appellant,

  v.

GLOBAL LINGUISTIC SOLUTION; et al.,

               Defendants - Appellees.

No. 13-36158

D.C. No. 3:11-cv-01398-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Marlene Ziya appeals pro se from the district court's judgment dismissing her action alleging federal and state law claims arising out of her employment as a translator in Iraq. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *Vinieratos v. United States Dep't of Air Force*, 939 F.2d 762, 768 (9th Cir. 1991) (dismissal for failure to exhaust administrative remedies). We affirm.

The district court properly dismissed Ziya's state law claims against Global Linguistic Solution LLC because Ziya failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("[F]or any claims voluntarily dismissed, we will consider those claims to be waived if not repled."); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010) (requirements for pleading fraud with particularity); *McGanty v. Staudenraus*, 901 P.2d 841, 849 (Or. 1995) (en banc) (elements of claim for intentional infliction of emotional distress).

The district court properly dismissed Ziya's Title VII claims because Ziya failed to allege that she exhausted her administrative remedies. *See Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) ("In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies.").

Moreover, the district court did not abuse its discretion in determining that Ziya was not entitled to equitable relief. *See Leong v. Potter*, 347 F.3d 1117, 1122-23 (9th Cir. 2003) (standard of review; requirements for equitable estoppel and tolling); *see also Sommatino*, 255 F.3d at 710 ("[E]quitable remedies are unavailable in federal court when the record shows that no administrative filing was ever made.").

The district court did not abuse its discretion in concluding that amendment to add the Secretary of the Army would be futile because Ziya failed to exhaust. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (standard of review; explaining dismissal without leave to amend is proper when amendment would be futile).

The district court did not err in substituting in the United States as a defendant. *See* 28 U.S.C. § 2679(d) ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, . . . the United States shall be substituted as the party defendant."). Moreover, the district court did not abuse its discretion in denying Ziya's motion to reconsider. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (standard of review and grounds for reconsideration).

We reject as unsupported Ziya's contentions that the case should be transferred back to the District of Arizona, the district judges were prejudiced, the district court erred in failing to seal documents or allow the use of a different name, and that the court reporter erred in certain transcriptions.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We treat Ziya's motion, filed on July 21, 2014, as a motion to supplement the record and deny the motion.

All other pending requests are denied.

**AFFIRMED.**

13-36158